IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **RONALD COHEN MANAGEMENT** ) | |
| **COMPANY** ) | Case No. 14-23399-WIL |
| ) | (Chapter 11) |
| Debtor ) | |
| * * * * * * * * * * * * * * * * * * * * * ) | |

**AMENDED DECLARATION OF STEPHEN A. METZ IN SUPPORT OF
APPLICATION FOR AUTHORITY TO EMPLOY
SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A.,
AS BANKRUPTCY COUNSEL FOR THE DEBTOR**

I, Stephen A. Metz, state:

1. I am a shareholder in the law firm of Shulman, Rogers, Gandal, Pordy & Ecker, P.A. ("SRGPE"), which maintains offices for the practice of law at 12505 Park Potomac Avenue, Sixth Floor, Potomac, Maryland 20854. I am admitted to practice law before the Bars of the District of Columbia and the State of Maryland, the United States Bankruptcy Courts and District Courts in these jurisdictions and the United States Court of Appeals for the Fourth Circuit.

2. Ronald Cohen Management Company (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on August 27, 2014 (the "Petition Date"). The Debtor is submitting an Application (the "Application") for authority to employ SRGPE as bankruptcy counsel in this proceeding as of the Petition Date. I make this declaration in support of the Application pursuant to Sections 327 and 329 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002.

3. Except as is otherwise indicated below, the facts set forth in this Declaration are based upon my own personal knowledge or records maintained by SRGPE in the ordinary course

of its business which have been reviewed by me and/or by other shareholders or employees of SRGPE at my direction, or upon information known by other shareholders or employees of SRGPE and conveyed to me.

### SRGPE's Qualifications and the Scope of SRGPE's Retention

4. SRGPE is a firm of approximately 95 lawyers engaged in the general practice of law with its primary offices in Potomac, Maryland. SRGPE has a regional practice in bankruptcy and restructuring matters, as well as corporate, litigation, real estate, and estate planning matters, among others. SRGPE's bankruptcy and restructuring lawyers have extensive experience representing clients involved in all aspects of Chapter 11 proceedings, as well as in non-judicial restructurings and work-outs.

5. SRGPE and/or attorneys at SRGPE have previously represented the Debtor in various unrelated matters.

6. The Debtor has asked SRGPE to represent it and to render the following services in connection with this Chapter 11 case:

  a. To provide the Debtor with legal advice with respect to its powers and duties in the operation and/or orderly wind-up of its business pursuant to the Bankruptcy Code;

  b. To prepare on behalf of the Debtor all necessary applications, answers, orders, reports and other legal papers;

  c. To assist in analyses and representation with respect to lawsuits to which the Debtor is or may be a party;

  d. To negotiate, prepare, file and seek confirmation of a plan of reorganization or liquidation;

e.  To represent the Debtor at all hearings, meetings of creditors and other proceedings; and

f.  To perform all other legal services for the Debtor which may be necessary to serve the best interests of the Debtor and its bankruptcy estate in this proceeding.  Such services may include, at the Debtor's request, legal representation with respect to litigation, appeals, securities, transactional, tax and other matters.

7.  Subject to the Court's approval of the Application, SRGPE is willing to serve as the Debtor's bankruptcy counsel and to perform the services described above.

**Connections with Creditors and Other Parties-In-Interest**

8.  In preparing this Declaration, I utilized a set of procedures established by SRGPE to insure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules (and the Maryland Lawyers Rules of Professional Conduct as to potential or actual conflicts of interest).  SRGPE has taken various steps to determine whether any conflict of interest exists that would preclude SRGPE's service as bankruptcy counsel.  In connection with SRGPE's proposed representation of the Debtor in this case, I instructed the employees responsible for maintaining SRGPE's computerized databases of client matters to review such databases to determine whether the databases reflect that SRGPE has or had any significant connection with any of the Debtor's creditors, professionals, equity holders, lessors, lenders or vendors (the "Identified Party").  Once the database identified a potential connection between SRGPE and an Identified Party, I or an attorney or legal assistant working under my supervision contacted the attorney(s) responsible for such other matter and elicited information to discern the nature and scope of the representation or connection for appropriate disclosure in this Declaration.

9. Based upon the initial review of the computerized database described above and the resulting inquiries, and based upon responses received to date from individual attorneys, I have been advised of the following:

a. SRGPE represents Ronald J. Cohen, individually, in other unrelated matters.

b. SRGPE checked against its database the names of the Debtor's creditors filed with the voluntary petition and represents EagleBank in other unrelated matters.

c. SRGPE represented the following entities affiliated with Tower Oaks Boulevard, LLC (a creditor): Sun Control Systems, Inc. starting in 1987 on various transactional matters, and represented PCI of America, Inc. ("PCI") starting in 1994 on various transactional matters. SRGPE has not represented PCI since November, 2013.

d. SRGPE previously represented John D. Buckingham, Sr. Mr. Buckingham passed away on October 17, 2012.

e. In 2014, Richard Buckingham approached an attorney at SRGPE to represent him, but Mr. Buckingham did not retain SRGPE to perform any services.

f. SRGPE has noted on appeal to the Court of Special Appeals of Maryland on behalf of the Debtor and a co-defendant, Ronald Cohen Investments, Inc., arising out of a judgment entered against them in favor of creditors in this case.

g. SRGPE also represents and has noted on appeal to the Court of Special Appeals of Maryland on behalf of Third Parties 121 Associates Limited Partnership, 1570 Associates Limited Partnership, and Congressional Village Associates LLC. These are entities that own real property against which creditor Tower Oaks Boulevard, LLC seeks to collect upon its judgment entered against the Debtor.

10. SRGPE's shareholders and employees may have business associations with, professional, familiar or social relationships with, or interests aligned with or adverse to, creditors, shareholders or parties-in-interest, or their attorneys or agents; as far as I have been able to ascertain, none of these associations or interests has any connection with the Debtor or these cases that would cause SRGPE not to be disinterested. As part of its practice, SRGPE regularly appears in cases, proceedings and transactions in many jurisdictions, and works together with or adverse to many different parties, which may include creditors, shareholders or parties-in-interest, or attorneys or accountants which may represent creditors, shareholders or parties-in-interest, in these cases.

11. To the best of my knowledge, neither SRGPE nor any shareholder of the firm is:

    a. A creditor, an equity security holder or an insider of the Debtor;

    b. Within two years before the Petition Date, a director, officer or employee of the Debtor.

12. To the best of my knowledge, SRGPE does not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

13. To the best of my knowledge, no attorney at SRGPE is related to any United States District Judge or United States Bankruptcy Judge for the District of Maryland or to the United States Trustee or any employee of the Office of the United States Trustee for such district.

14. As far as I have been able to ascertain to date, based upon the due diligence described above; SRGPE (a) is a disinterested person as that term is defined in 11 U.S.C.

§ 101(14); (b) does not hold or represent an interest adverse to the estate; and (c) except as set forth herein, has no connections with the Debtors or, to the extent identified to SRGPE and included in the inquiries described, any creditor, any other party-in-interest, their respective attorneys and accountants, the Office of the United States Trustee for this District or anyone employed in that Office.

### SRGPE's Compensation

15. Prior to the filing of the Chapter 11 cases, and in contemplation thereof, the Debtor engaged SRGPE to represent it in connection with financial difficulties which they were experiencing and a Chapter 11 proceeding. In connection with that pre-petition work, SRGPE received an advance retainer in the aggregate amount of $50,000.00. By agreement with the Debtor, the retainer was applied first to SRGPE's fees and expenses for services rendered and expenses incurred prior to the Petition Date, with any balance remaining after such application to be held by SRGPE as an advance retainer for post-petition fees and expenses (the "Retainer"). As of the Petition Date, SRGPE is holding a Retainer in the amount of $42,900, and has been paid a total of $5,383.00 of fees and $1,717.00 of costs for pre-petition services related to this filing.

16. The Debtor has agreed that, to the extent the legal fees, costs and charges of SRGPE's bankruptcy services approved by this Court exceed the Retainer, it will pay SRGPE its normal hourly rates charged to clients of the firm for legal services of this nature, and it will reimburse for SRGPE's out-of-pocket costs and charges incurred in the performance of those services. SRGPE's hourly rates for legal services provided by attorneys range from $295.00 to $575.00 per hour and $180.00 per hour to $200.00 per hour for legal assistants and law clerks. The principal attorneys whom I presently believe will be called upon to render material services

in connection with these Chapter 11 cases (and their hourly rates) are myself, Stephen A. Metz (whose current hourly rate is $415.00), Michael J. Lichtenstein (whose current hourly rate is $515.00), Glenn C. Etelson (whose current hourly rate is $525) and Amy M. Simon (whose current hourly rate is $295.00).  SRGPE also expects to use the services of attorney Lane Hornfeck.  Ms. Hornfeck is not a member or employee of SRGPE, but she provides services to certain clients of SRGPE on a contract basis.  Currently, Ms. Hornfeck's time is billed at the hourly rate of $395.  Such rates are subject to change annually as of January 1st to reflect, among other things, increasing seniority within the firm.  SRGPE may assign different or additional attorneys to this matter (including other bankruptcy, corporate, tax or litigation attorneys), depending upon the needs of the Debtor and this case.

17.     The hourly rates set forth above are SRGPE's current, customary hourly rates for work of this nature.  It is SRGPE's policy to charge its clients for photocopying charges, travel expenses, computerized research, transcription costs and non-ordinary overhead expenses.  SRGPE intends to apply for compensation for professional services rendered in connection with these cases on an hourly basis, and for reimbursement of expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and Orders of this Court.

18.     To the best of my knowledge, no promises have been received by SRGPE nor any shareholder or associate thereof as to payment or compensation in connection with the above-captioned cases other than in accordance with applicable provisions of the Bankruptcy Code.  SRGPE has no agreement with any other entity to share with such entity any compensation received by SRGPE in connection with the Debtors' bankruptcy cases, except as permitted by Bankruptcy Rule 2016(b).

19. SRGPE intends to periodically review its database during the pendency of these Chapter 11 cases to ensure, to the extent reasonably possible, that no conflict or other disqualifying circumstance exists or arises.  If any new relevant fact or relationship is discovered or arises, SRGPE will, as soon as reasonably practicable after identifying such a matter, file a supplemental declaration with the Court in accordance with Bankruptcy Rule 2014(a).

> I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.
>
> /s/  Stephen A. Metz
> Stephen A. Metz
> 12505 Park Potomac Avenue, Sixth Floor
> Potomac, Maryland 20854
> TEL:   (301) 230-6564
> FAX:   (301) 230-2891
> Email: smetz@shulmanrogers.com

Dated:  September 3, 2014

F: 102626.00069
4790363_1.doc