Entered: March 03, 2015
Signed: March 02, 2015
**SO ORDERED**



**THOMAS J. CATLIOTA**
**U. S. BANKRUPTCY JUDGE**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Greenbelt**

| | |
|---|---|
| **In re:** | **Case No. 14-23399** |
| **Ronald Cohen Management Company,** | **Chapter 11** |
| **Debtor.** | |

**ORDER DENYING MOTION FOR RECONSIDERATION**
**OF ORDER DISMISSING CHAPTER 11 CASE**

Before the court is the Motion for Reconsideration of Order Dismissing Chapter 11 Case filed by the Debtor, Ronald Cohen Management Company.  ECF #76.  An Opposition was filed by Tower Oaks Boulevard, LLC, TOB, Inc., Oak Plaza, LLC, David T. Buckingham, Richard D. Buckingham and Susan E. Buckingham.  ECF #78.  The court will deny the Motion.

The Motion is considered pursuant to Federal Rule of Bankruptcy Procedure 9023, incorporating Federal Rule of Civil Procedure 59.  As explained in the case of *In re Young*, 285 B.R. 168, 169-70 (Bankr. D. Md. 2002)(*quoting Collison v. Int'l Chemical Workers Union*, 34 F.3d 233, 236 (4th Cir.1994)) (internal quotes omitted):

> Although Rule 59(e) does not set forth a standard to be applied when considering a motion to alter or amend, the United States Court of Appeals for the Fourth Circuit has recognized the following three grounds for amending a judgment pursuant to Rule 59(e):
>
> (1) to accommodate an intervening change in controlling law;
>
> (2) to account for new evidence not available at trial; or

(3) to correct a clear error of law or prevent manifest injustice.

The Debtor fails to meet this standard.  It argues that the court placed undue reliance on the findings by the Circuit Court that stated that the Debtor had no assets or operations. Specifically, this court stated:  "The Circuit Court found that the Debtor has no assets or operations as a result of its deliberate effort to render itself judgment proof." ECF #69 at p. 13. However, as the opponents point out in their Opposition to the Motion, ECF #78 at 5 and 6 of 7, the court relied on many facts in concluding that the Debtor had no assets or operations to reorganize, including the testimony of the Debtor's own expert witness in the state court litigation.  As the court expressly stated:  "[b]*ut for whatever the reason*, the Debtor's filings in this case and testimony in the state court cases establish it has no assets or operations that could be utilized in the reorganization process."  ECF #69 at p. 13 (emphasis added).  Thus, the court made its ruling based on the entirety of the facts and circumstances before it, and not merely the finding of the Circuit Court. For the foregoing reasons, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED that the Debtor's Motion for Reconsideration of Order Dismissing Chapter 11 is DENIED.


cc:     Debtor
        Debtor's Counsel
        All creditors and parties in interest
        United States Trustee


**End of Order**